# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Healthcare Advocates, Inc.

**DEFENDANTS**
Harding, Earley, Follmer & Frailey; John Does 1-10, John Does 11-20, John Does 21-30, and Internet Archive

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Chester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** ATTORNEY'S (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Peter J. Boyer, Esq.
Scott S. Christie, Esq.
McCarter & English, LLP
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103

ATTORNEYS (IF KNOWN)
Unknown

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES     (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Reman ded from Appellate Court
☐ 4  Reinst ated or Reopened
☐ 5  Transf erred from another district (specify)
☐ 6  M ulti-District Litigation
☐ 7  Appe al to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury Med. Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

Personal property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/ etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violations of Digital Millennium Copyright Act, copyright infringement, violations of the Computer Fraud and Abuse Act, and related violations of common law of the State of Pennsylvania

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Unspecified + Punitive

CHECK YES only if demanded in complaint
JURY DEMAND   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Robert F. Kelly, Sr.
DOCKET NUMBER  03-3764

DATE
July 8, 2005

SIGNATURE OF ATTORNEY OF RECORD – PETER J. BOYER, ESQ. #25517

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff  1420 Walnut Street, Suite 908, Philadelphia, PA

Address of Defendant:  86 The Commons at Valley Forge East, 1288 Valley Forge Road, Valley Forge, PA

*(Use Reverse Side for Additional Space)*

| | |
|---|---|
| Place of Accident, Incident or Transaction: | Philadelphia |
| Does this case involve multidistrict litigation possibilities? | Yes ☐   No  X |

*RELATED CASE IF ANY*

Case Number:  03-3764          Judge  Robert F. Kelly, Jr.          Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  — Yes ☐   No  X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  — Yes X   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  — Yes ☐   No  X

---

**CIVIL:** (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contracts and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10.☐ Social Security Review Cases
11 X All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases.*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,  Peter J. Boyer, Esq.                                 , counsel of record do hereby certify:

☐ X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:   July 8, 2005          Peter J. Boyer, Esq.   *Peter J Boyer*          25517

Attorney-at-Law                                          Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

---

I certify that, to my knowledge the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   July 8, 2005          Peter J. Boyer, Esq.   *Peter J Boyer*          25517

Attorney-at-Law                                          Attorney I.D.#

CIV. 609 (7/95)

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff  1420 Walnut Street, Suite 908, Philadelphia, PA

Address of Defendant:  86 The Commons at Valley Forge East, 1288 Valley Forge Road, Valley Forge, PA

*(Use Reverse Side for Additional Space)*

| | |
|---|---|
| Place of Accident, Incident or Transaction: | Philadelphia |
| Does this case involve multidistrict litigation possibilities? | Yes ☐   No   X |

*RELATED CASE IF ANY*

Case Number: 03-3764          Judge  Robert F. Kelly, Jr.          Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No   X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes X   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No   X

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

**A. *Federal Question Cases*:**

1. ☐ Indemnity Contract, Marine Contracts and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify)

**B. *Diversity Jurisdiction Cases*.**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,  Peter J. Boyer, Esq.                                    , counsel of record do hereby certify:

    X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

    ☐  Relief other than monetary damages is sought.

DATE:   July 8, 2005          Peter J. Boyer, Esq.  *(signature)*          25517

                              Attorney-at-Law                              Attorney I.D.#

### NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   July 8, 2005          Peter J. Boyer, Esq.  *(signature)*          25517

                              Attorney-at-Law                              Attorney I.D.#

CIV. 609 (7/95)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Healthcare Advocates, Inc.** | : | **CIVIL ACTION** |
| v. | : | |
| **Harding, Earley, Follmer & Frailey,** | : | |
| **John Does 1-10, John Does 11-20,** | : | |
| **John Does 21-30, and Internet Archive** | : | **NO. 05-cv-** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complain and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)     Habeas Corpus -- Cases brought Under 28 U.S.C.
        §2241 through §2255.                                                ( )

(b)     Social Security -- Cases requesting review of a
        decision of the Secretary of Health and Human
        Services denying plaintiff Social Security Benefits.     ( )

(c)     Arbitration -- Cases required to be designated for
        arbitration under Local Civil Rule 53.2.                      ( )

(d)     Asbestos -- Cases involving claims for personal
        injury or property damage from exposure to
        asbestos.                                                               ( )

(e)     Special Management -- Cases that do not fall into
        tracks (a) through (d) that are commonly referred
        to as complex and that need special or intense
        management by the court.  (see reverse side of
        this form for a detailed explanation of special
        management cases.)                                              (X)

(f)     Standard Management -- Cases that do not fall into
        any one of the other tracks.                                  ( )

July 8, 2005
_____                          _____
      Date                                              Attorney-at-law
                                                         Peter J. Boyer, Esq. #25517

                                                        _____
                                                        Attorney for Plaintiff
                                                        Healthcare Advocates, Inc.

(Civ. 660) 7/95

*McCARTER & ENGLISH, LLP*
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800
Attorneys for Plaintiff
   Healthcare Advocates, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| HEALTHCARE ADVOCATES, INC., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **FED.R.CIV.P. 7.1 STATEMENT** |
| HARDING, EARLEY, FOLLMER & | : | **REGARDING CORPORATE** |
| FRAILEY; JOHN DOES 1-10, JOHN DOES | : | **OWNERSHIP** |
| 11-20, JOHN DOES 21 -30, and INTERNET | : | |
| ARCHIVE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

    Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Healthcare Advocates,

Inc., ("Healthcare Advocates") by and through its undersigned counsel, hereby files this

Statement Regarding Corporate Ownership and states that Healthcare Advocates is a closely

company incorporated in Delaware, and that there is no parent corporation or corporation that owns 10% or more of its stock.

> **McCARTER & ENGLISH, LLP**
> Mellon Bank Center
> 1735 Market Street, Suite 700
> Philadelphia, PA 19103
> (215) 979-3800
> Attorneys for Plaintiff
>    Healthcare Advocates, Inc.
>
> By _____
>    PETER J. BOYER (PB-1913)
>    Pa. Attorney I.D. No. 25517
>    SCOTT S. CHRISTIE (SC-8280)

Dated:  July 8, 2005

2

ME1\5112646.1

*McCARTER & ENGLISH, LLP*
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800
Attorneys for Plaintiff
    Healthcare Advocates, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEALTHCARE ADVOCATES, INC., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARDING, EARLEY, FOLLMER & | : | |
| FRAILEY; JOHN DOES 1-10, JOHN DOES | : | |
| 11-20, JOHN DOES 21 -30, and INTERNET | : | |
| ARCHIVE, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR VIOLATIONS OF THE DIGITAL MILLENNIUM
COPYRIGHT ACT, COPYRIGHT INFRINGEMENT,
VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT,
AND RELATED VIOLATIONS OF COMMON LAW**

Plaintiff Healthcare Advocates, Inc. ("Healthcare Advocates" or "Plaintiff"), by and

through its attorneys, McCarter & English, LLP, as and for its complaint against defendants

Harding, Earley, Follmer & Frailey (the "Harding, Earley law firm" or "defendant law firm"),

John Does 1-10, John Does 11-20, John Does 21-30, and Internet Archive (collectively,

"Defendants") alleges as follows:

## NATURE OF THE CASE

1.    This is a civil action to remedy at least 92 separate acts of unauthorized electronic access to archived and copyright-protected Internet web site content of Healthcare Advocates through the Wayback Machine at **www.archive.org** by partners, associates, legal assistants and other employees of Harding, Earley law firm during the course of discovery in an underlying lawsuit which content Internet Archive failed to secure, conduct constituting violations of the Digital Millennium Copyright Act, copyright infringement, violations of the Computer Fraud and Abuse Act, and civil conspiracy, action in trespass for trespass to chattels, action in trespass for conversion, intrusion upon seclusion, breach of contract, promissory estoppel, breach of fiduciary duty, negligent dispossession, and negligent misrepresentation under the common law of the Commonwealth of Pennsylvania.

## THE PARTIES

2.    Plaintiff Healthcare Advocates is a Delaware corporation having a principal place of business at 1420 Walnut Street, Suite 908, Philadelphia, Pennsylvania  19102.

3.    Upon information and belief, Defendant Harding, Earley law firm is a partnership having its principal place of business at 86 The Commons at Valley Forge East, 1288 Valley Forge Road, Valley Forge, Pennsylvania  19482-0750.

4.    Defendants John Does 1-10 are past or present partners of defendant Harding, Earley law firm who directly participated in, aided and abetted, or were members of a conspiracy that pursued a goal of obtaining unauthorized access to the copyright-protected historical content of the Internet web site **www.healthcareadvocates.com** through the Internet Archive Wayback Machine via the Internet web site **www.archive.org**.  The identity of John Does 1-10 is presently unknown, but will be ascertained through discovery.

2

5.     Defendants John Does 11-20 are past or present associates of defendant Harding, Earley law firm who directly participated in, aided and abetted, or were members of a conspiracy that pursued a goal of obtaining unauthorized access to the copyright-protected historical content of the Internet web site **www.healthcareadvocates.com** through the Internet Archive Wayback Machine via the Internet web site **www.archive.org**. The identity of John Does 11-20 is presently unknown, but will be ascertained through discovery.

6.     Defendant John Does 21-30 are past or present legal assistants or other non-lawyer employees of defendant Harding, Earley law firm who directly participated in, aided and abetted, or were members of a conspiracy that pursued a goal of obtaining unauthorized access to the copyright-protected historical content of the Internet web site **www.healthcareadvocates.com** through the Internet Archive Wayback Machine via the Internet web site **www.archive.org**. The identity of John Does 21-30 is presently unknown, but will be ascertained through discovery.

7.     Upon information and belief, defendant Internet Archive is a non-profit organization with a principal place of business of The Presidio of San Francisco, 116 Sheridan Avenue, San Francisco, California 94129.

## JURISDICTION AND VENUE

8.     This action arises under the Digital Millennium Copyright Act, 17 U.S.C. § 1201, et seq.; the Copyright Act, 17 U.S.C. § 101 et seq.; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and under the common law of the Commonwealth of Pennsylvania.  Original federal question subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331.  Supplemental jurisdiction over the causes of action under Pennsylvania state law are proper pursuant to 28 U.S.C. § 1367(a) insofar as these causes of action are so related

to claims within such original jurisdiction that they form part of the same case or controversy. Supplemental jurisdiction over defendant Internet Archive is proper pursuant to 28 U.S.C. § 1367(a) insofar as the causes of action alleged against this defendant are derived from a nucleus of operative fact common to the predominant federal causes of action and that, regardless of their state or federal character, the causes of action contained herein are such that plaintiff Healthcare Advocates would ordinarily be expected to try them all in one judicial proceeding.

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## Plaintiff Healthcare Advocates

10.   Plaintiff Healthcare Advocates, a pioneer in the patient advocacy field, assists the public in securing, paying for, and receiving reimbursement for necessary health care.  The company provides its members with medical research, health care counseling, a physician referral service; access to discount prescription, dental and vision plans; access to private health care financing, counseling on medical bill insurance reimbursement, an insurance fee negotiation service, and an insurance dispute resolution service.

11.   Since 1998, plaintiff Healthcare Advocates has owned and operated the Internet web site **www.healthcareadvocates.com** which, among other things, lists answers to frequently asked questions about the company, describes the services it offers and the fees that it charges, and provides articles on health care issues and letters from satisfied clients.  This web site is hosted and administered on a computer server located at an Internet service provider ("ISP") in Florida and is accessible to the general public via the Internet.

4

12. The contents of the **www.healthcareadvocates.com** web site are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States. Kevin Flynn, the president of plaintiff Healthcare Advocates, authored the contents of the **www.healthcareadvocates.com** web site in his capacity as an employee of plaintiff Healthcare Advocates, and plaintiff Healthcare Advocates owns all rights of copyright in the contents of the **www.healthcareadvocates.com** web site. As such, plaintiff Healthcare Advocates possesses the exclusive rights set forth in 17 U.S.C. § 106 with respect to the contents of the **www.healthcareadvocates.com** web site.

13. Plaintiff Healthcare Advocates has applied for and received from the Register of Copyrights the appropriate Certificates of Copyright Registration for the contents of the **www.healthcareadvocates.com** web site. True and accurate copies of the Certificates of Copyright Registration for the contents of the **www.healthcareadvocates.com** web site are attached as Exhibit A. All acts of copyright infringement by defendant Harding, Earley law firm, defendant John Does 1-10, defendant John Does 11-20, and defendant John Does 21-30 as alleged herein were commenced on or after the issuance date of the relevant Certificates of Copyright Registration owned by plaintiff Healthcare Advocates.

**The Underlying Lawsuit**

14. On June 26, 2003, plaintiff Healthcare Advocates and Mr. Flynn filed Civil Action No. 03-3764 in the United States District Court for the Eastern District of Pennsylvania against Health Advocate, Inc. ("Health Advocate"), a competitor, and several associated individuals alleging misappropriation of trade secrets, unfair competition, tortious interference with existing and prospective business relations, fraud, breach of contract, unjust enrichment, conspiracy, violation of the Lanham Act, trademark and service mark

infringement, and copyright infringement arising from misuse of proprietary information and trade secrets Healthcare Advocates provided to Health Advocate pursuant to a non-disclosure agreement (the "underlying lawsuit").

## Defendant Harding, Earley Law Firm

15.  Upon information and belief, defendant Harding, Earley law firm is an intellectual property boutique claiming expertise in the areas of patent, trademark, copyright, unfair competition, Internet, e-commerce, computers and licensing. John F.A. Earley III, an attorney in defendant Harding, Earley law firm, currently serves as Vice President of the Philadelphia Intellectual Property Law Association.

16.  Defendant Harding, Earley law firm initially represented all of the defendants in the underlying lawsuit. However, as the litigation progressed, defendant Harding, Earley law firm elected to represent only one of the individual defendants.

17.  Upon information and belief, at all times relevant to the causes of action alleged herein, defendant Harding, Earley law firm obtained Internet access for the firm through ISP XO Communications and defendant law firm's computers were assigned and used a static DSL connection with the domain name system ("DNS") address **w202.z064000220.phl-pa.dsl.cnc.net** for accessing the Internet from its offices in Valley Forge.

## Defendant Internet Archive and the Wayback Machine

18.  Defendant Internet Archive is a non-profit organization founded to build an "Internet library" with the purpose of offering researchers, historians, and scholars permanent access to historical collections that exist in digital format. Its collection includes not only text and books, but also open source movies, public domain feature films, vintage cartoons, historic newsreels, archived news video and other moving images; audio music recordings of a

variety of bands and artists; and legally downloadable software titles and background information on these titles.

19.  In collaboration with the Library of Congress, the Smithsonian Institution and other public organizations, defendant Internet Archive also archives the content of publicly accessible Internet web sites that otherwise would disappear as it is updated, removed by its owners, or otherwise ceases to exist in an effort to preserve the cultural and historical value of this material.  To gather this information, defendant Internet Archive and its partners have used automated processes to "crawl" the Internet and take snapshots of web site content on a wide variety of dates, capturing a chronological record of the evolving versions of these web sites.  Defendant Internet Archive's repository of web site content contains approximately one perabyte of data and is currently growing at a rate of 20 terabytes per month.  Upon information and belief, defendant Internet Archive's computer servers storing archived historical web site content are located in California.

20.  The Internet Archive Wayback Machine (the "Wayback Machine") is a service provided by defendant Internet Archive at **www.archive.org** to allow the public access to these archived versions of web site content.  By typing in the Uniform Resource Locator ("URL") or Internet web address of a web site of interest into the Wayback Machine, an individual can view and "surf" that web site as it existed on any or all of the capture dates as far back as 1996.

**Internet Archive's Policy for Blocking Public Access to Archived Web Site Content**

21.  At all times relevant to the causes of action alleged herein, defendant Internet Archive had an exclusion policy whereby, at the request of a web site owner, it blocked public access to any archived historical content for a web site via the Wayback Machine and

refrained from future "crawling" of that web site to capture and archive any additional content. Such restricted access was accomplished by having the web site owner install a small text string (the "denial text string") in the file named "robots.txt" (the "robots.txt file") on the computer server hosting the web site.

22.   At all times relevant to the causes of action alleged herein, when an individual attempted to access archived historical content for a web site via the Wayback Machine, **www.archive.org** generated a request to the computer server hosting the web site to search for a denial text string in the robots.txt file. If that text string existed in the robots.txt file, that individual should have been confronted with a web page entitled "Robots.txt Query Exclusion" advising that the owner of the web site had blocked access to the archived historical content via robots.txt (the "access denial screen") and should have been denied access to the archived historical content of that web site by defendant Internet Archive. On the other hand, if the denial text string did not exist in the robots.txt file, defendant Internet Archive granted access to the archived historical web site content stored on Internet Archive's computer servers.

23.   At all times relevant to the causes of action alleged herein, defendant Internet Archive represented to web site owners that as long as the denial text string was properly installed in the robots.txt file of the computer server hosting their web sites, defendant Internet Archive would prevent individuals from gaining access to the archived historical content for their web sites via the Wayback Machine at **www.archive.org**.

**Healthcare Advocates Blocks Public Access to Its Archived Web Site Content**

24.   On July 8, 2003, Mr. Flynn properly installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

This denial text string remained properly installed on July 9, 2003 and July 14, 2003, and should have blocked access to individuals seeking the archived historical content of the **www.healthcareadvocates.com** web site through the Wayback Machine at **www.archive.org** on these dates.

### Hacker #1 from Harding, Earley Law Firm on Notice that Archived Content Blocked

25.   On July 9, 2003, at approximately 09:08:03 EDT, an unknown representative of defendant Harding, Earley law firm using DNS address **w202.z064000220.phl-pa.dsl.cnc.net** attempted to access the archived historical content of the **www.healthcareadvocates.com** web site through the Wayback Machine at **www.archive.org** and was first confronted with an access denial screen stating "We're sorry, access to http://www.healthcareadvocates.com has been blocked by the site owner via robots.txt."

### Hacker #1 from Harding, Earley Law Firm Successfully Hacks into www.archive.org

26.   On that same date, during the period from approximately 09:09:37 EDT through 09:15:52 EDT, this unknown representative of defendant Harding, Earley law firm made eight unsuccessful attempts to access the archived historical content of the **www.healthcareadvocates.com** web site through the Wayback Machine at **www.archive.org**.

27.   On that same date, at approximately 09:16:31 EDT, this unknown representative of defendant Harding, Earley law firm finally managed to successfully circumvent the security offered by the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.  This unknown representative of defendant Harding, Earley law firm then sought access to the web page describing plaintiff Healthcare

9

Advocates' services from an archived January 16, 1999 version of the

**www.healthcareadvocates.com** web site on defendant Internet Archive's computer servers.

## Hacker #2 from Harding, Earley Law Firm on Notice that Archived Content Blocked

28. On July 9, 2003, at approximately 09:18:19 EDT, another unknown representative

of defendant Harding, Earley law firm on a different computer using DNS address

**w202.z064000220.phl-pa.dsl.cnc.net** attempted to access the archived historical content of

the **www.healthcareadvocates.com** web site through the Wayback Machine at

**www.archive.org** and was first confronted with an access denial screen stating "We're sorry,

access to http://www.healthcareadvocates.com/* has been blocked by the site owner via

robots.txt."

## Hacker #2 from Harding, Earley Law Firm Successfully Hacks into www.archive.org

29. On that same date, at approximately 09:24:47 EDT, this second unknown

representative of defendant Harding, Earley law firm made two unsuccessful attempts to

access the archived historical content of the **www.healthcareadvocates.com** web site through

the Wayback Machine at **www.archive.org**.

30. On that same date, at approximately 09:25:41 EDT, this second unknown

representative of defendant Harding, Earley law firm finally managed to successfully

circumvent the security offered by the denial text string in the robots.txt file on the computer

server hosting the **www.healthcareadvocates.com** web site. This second unknown

representative of defendant Harding, Earley law firm then sought to access the Healthcare

Advocates web page containing an article on relationships from an archived June 9, 2000

version of the **www.healthcareadvocates.com** web site on defendant Internet Archive's

computer servers.

**Harding, Earley Law Firm Hacks www.archive.org at Least 86 Times on July 9, 2003**

31.   Throughout July 9, 2003, employing variations on this theme of repeated unsuccessful attempts to access to the archived historical content of the **www.healthcareadvocates.com** web site followed by one or more successful circumventions of the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site, at least two unknown representatives of defendant Harding, Earley law firm made approximately 711 unsuccessful attempts to access the archived historical content of the **www.healthcareadvocates.com** web site stored on defendant Internet Archive's computer servers and, using DNS address **w202.z064000220.phl-pa.dsl.cnc.net**, succeeded in

(a) circumventing the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site;

(b) making an unauthorized request to **www.archive.org** for archived historical content of the **www.healthcareadvocates.com** web site stored on defendant Internet Archive's computer servers;

(c) causing defendant Internet Archive's computer servers to request and to obtain access to

(i) archived historical content of the **www.healthcareadvocates.com** web site from defendant Internet Archive's computer servers;

(ii) content of the then current version of the **www.healthcareadvocates.com** web site from the computer server hosting the **www.healthcareadvocates.com** web site; or

(iii) a mixture of archived historical content and then current content of the **www.healthcareadvocates.com** web site both from defendant Internet Archive's computer servers and from the computer server hosting the **www.healthcareadvocates.com** web site; and

(d) displaying that content on the screen of the computer at the offices of defendant Harding, Earley law firm that initiated the request on at least the following 86 separate occasions:

|  | **Approximate Time of Circumvention of Denial Text String in robots.txt File and Access to Web Site Content** |
|---|---|
| 1. | 09:16:31 EDT |
| 2. | 09:19:25 EDT |
| 3. | 09:22:31 EDT |
| 4. | 09:25:41 EDT |
| 5. | 09:59:17 EDT |
| 6. | 10:18:07 EDT |
| 7. | 10:19:38 EDT |
| 8. | 10:20:18 EDT |
| 9. | 10:20:28 EDT |
| 10. | 10:20:51 EDT |
| 11. | 10:21:03 EDT |
| 12. | 10:24:17 EDT |
| 13. | 10:24:31 EDT |

| | |
|-----|---------------|
| 14. | 10:28:03 EDT |
| 15. | 10:28:45 EDT |
| 16. | 10:53:30 EDT |
| 17. | 10:53:35 EDT |
| 18. | 10:55:02 EDT |
| 19. | 10:55:49 EDT |
| 20. | 10:56:05 EDT |
| 21. | 10:58:16 EDT |
| 22. | 11:06:11 EDT |
| 23. | 11:06:21 EDT |
| 24. | 11:06:24 EDT |
| 25. | 11:11:53 EDT |
| 26. | 11:12:27 EDT |
| 27. | 11:12:41 EDT |
| 28. | 11:12:50 EDT |
| 29. | 11:13:15 EDT |
| 30. | 11:13:39 EDT |
| 31. | 11:13:51 EDT |
| 32. | 11:14:00 EDT |
| 33. | 11:14:09 EDT |
| 34. | 11:14:23 EDT |
| 35. | 11:14:36 EDT |
| 36. | 11:27:02 EDT |

| | |
|---|---|
| 37. | 11:27:45 EDT |
| 38. | 11:28:44 EDT |
| 39. | 11:29:18 EDT |
| 40. | 11:29:43 EDT |
| 41. | 11:57:01 EDT |
| 42. | 11:58:18 EDT |
| 43. | 11:58:31 EDT |
| 44. | 12:07:02 EDT |
| 45. | 12:31:37 EDT |
| 46. | 13:10:31 EDT |
| 47. | 13:15:58 EDT |
| 48. | 13:20:07 EDT |
| 49. | 13:20:20 EDT |
| 50. | 13:20:28 EDT |
| 51. | 13:26:09 EDT |
| 52. | 13:26:11 EDT |
| 53. | 13:26:11 EDT |
| 54. | 13:26:23 EDT |
| 55. | 15:19:22 EDT |
| 56. | 15:23:57 EDT |
| 57. | 15:27:07 EDT |
| 58. | 15:45:10 EDT |
| 59. | 16:02:05 EDT |

| 60. | 16:11:00 EDT |
|-----|--------------|
| 61. | 16:11:39 EDT |
| 62. | 16:11:54 EDT |
| 63. | 16:12:06 EDT |
| 64. | 16:12:15 EDT |
| 65. | 16:12:24 EDT |
| 66. | 16:12:34 EDT |
| 67. | 16:12:41 EDT |
| 68. | 16:12:48 EDT |
| 69. | 16:12:55 EDT |
| 70. | 16:13:03 EDT |
| 71. | 16:32:00 EDT |
| 72. | 16:32:11 EDT |
| 73. | 16:32:17 EDT |
| 74. | 16:32:28 EDT |
| 75. | 16:34:02 EDT |
| 76. | 16:34:17 EDT |
| 77. | 16:35:09 EDT |
| 78. | 16:35:33 EDT |
| 79. | 16:38:08 EDT |
| 80. | 16:44:11 EDT |
| 81. | 16:44:52 EDT |
| 82. | 16:45:02 EDT |

| 83. | 16:49:31 EDT |
|-----|--------------|
| 84. | 16:51:00 EDT |
| 85. | 16:55:39 EDT |
| 86. | 16:55:41 EDT |

**Internet Archive Advised of Repeated Unauthorized Accesses**

32.  On July 9, 2003, Mr. Flynn advised a representative of defendant Internet Archive about the unusually heavy volume of web inquiries emanating from **www.archive.org** to the **www.healthcareadvocates.com** web site, provided defendant Internet Archive with copies of the web logs from the computer server hosting the **www.healthcareadvocates.com** web site, and requested that defendant Internet Archive identify and resolve the problem.

**Internet Archive Professes to Have Resolved the Problem**

33.  On July 10, 2003, a representative of defendant Internet Archive advised Mr. Flynn that the heavy volume of web inquiries emanating from **www.archive.org** to the **www.healthcareadvocates.com** web site on the previous day occurred because (a) an individual was "aggressively" utilizing the Wayback Machine to gather archived historical content of the **www.healthcareadvocates.com** web site; and (b) the mechanism preventing **www.archive.org** from searching a particular web site's host computer server for a denial text string in the robots.txt file more than once per day was "broken."

34.  This representative of defendant Internet Archive further advised Mr. Flynn that "[w]e've reset the once-per-day mechanism and so the problem should be ended, for now."

35.  This representative of defendant Internet Archive then admitted to Mr. Flynn that "a []robots.txt rule can't really protect against this sort of glitch on our end."

**Harding, Earley Law Firm Hacks www.archive.org at Least 6 More Times on July 14, 2003**

36.   On July 14, 2003, during the period from approximately 09:33:27 EDT through 09:34:02 EDT, an unknown representative of defendant Harding, Earley law firm made five unsuccessful attempts to access the archived historical content of the **www.healthcareadvocates.com** web site through the Wayback Machine at **www.archive.org**.

37.   Thereafter, on that date, despite the advice from the representative of defendant Internet Archive that the security problem had been resolved, this unknown representative of defendant Harding, Earley law firm, using DNS address **w202.z064000220.phl-pa.dsl.cnc.net**, succeeded in

(a) circumventing the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site;

(b) making an unauthorized request to **www.archive.org** for archived historical content of the **www.healthcareadvocates.com** web site stored on defendant Internet Archive's computer servers;

(c) causing defendant Internet Archive's computer servers to request and to obtain access to

(i) archived historical content of the **www.healthcareadvocates.com** web site from defendant Internet Archive's computer servers;

(ii) content of the then current version of the **www.healthcareadvocates.com** web site from the computer server hosting the **www.healthcareadvocates.com** web site; or

17

(iii) a mixture of archived historical content and then current content

of the **www.healthcareadvocates.com** web site both from defendant

Internet Archive's computer servers and from the computer server hosting

the **www.healthcareadvocates.com** web site; and

(d) displaying that content on the screen of the computer at the offices of

defendant Harding, Earley law firm that initiated the request on at least the

following 6 separate occasions:

| | **Approximate Time of Circumvention of Denial Text String in robots.txt File and Access to Web Site Content** |
|---|---|
| 1 | 09:34:54 EDT |
| 2 | 09:41:41 EDT |
| 3 | 09:41:44 EDT |
| 4 | 09:41:49 EDT |
| 5 | 09:42:06 EDT |
| 6 | 09:54:46 EDT |

## Admissions Under Oath by Harding, Earley Law Firm

38.   In an affidavit dated May 20, 2004 that was filed in the underlying lawsuit, Frank

Bonini, Jr., an attorney in defendant Harding, Earley law firm, admitted under oath as follows:

(a) defendant Harding, Earley law firm, on behalf of its then client Health

Advocate, undertook to investigate the claims raised by plaintiff Healthcare Advocates in the

18

complaint filed in the underlying lawsuit by accessing publicly available Internet web sites, including **www.archive.org**;

(b) the Internet web site **www.archive.org** stores "previously public website pages of others;"

(c) "[a]s part of [defendant Harding, Earley law firm's] investigation, attorneys in [defendant law firm], and a legal assistant, acting under the direction of one or more attorneys of [defendant law firm], accessed public information from the publicly accessible web site, www.archive.org, using the methods provided at the web site;"

(d) "[i]n conducting the investigation, when [defendant Harding, Earley law firm] accessed archive.org, and searched the Wayback Machine provided on the archive.org web site, an array of pages by date were presented for the domain name searched;"

(e) defendant Harding, Earley law firm was contemporaneously submitting to the court *in camera* copies of the materials that "were obtained from archive.org and include copies of previously published web pages of Plaintiffs;" and

(f) "[t]he materials were obtained for the purpose of investigation and analysis of the Plaintiffs' claims, and providing a defense to Health Advocate, Inc., and other defendants."

39.  Despite repeated requests during the course of discovery in the underlying lawsuit, plaintiff Healthcare Advocates has never been provided a copy of or otherwise granted access to the copyright-protected content of the **www.healthcareadvocates.com** web site that defendant Harding, Earley law firm had improperly accessed through **www.archive.org**, downloaded to computers at the offices of defendant law firm, copied as part of defendant law firm's submission to the court in the underlying lawsuit, and provided to that court *in camera* on or about May 20, 2004.

40.   In late 2004, counsel for plaintiff Healthcare Advocates in the underlying lawsuit requested from defendant Harding, Earley law firm's co-counsel in the underlying lawsuit copies of any and all copyright-protected content of the **www.healthcareadvocates.com** web site that defendant Harding, Earley law firm had provided to co-counsel.  Without denying receipt of any such material, co-counsel refused to comply.

### COUNT I
**Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, et seq.**
**(By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)**

41.   Healthcare Advocates repeats and realleges paragraphs 1 through 40 of the Complaint as if fully set forth at length herein.

42.   Healthcare Advocates owns all rights of copyright in the contents of the **www.healthcareadvocates.com** web site.

43.   The denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site was a technological measure.

44.   The denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site effectively controlled access to the archived historical content of the **www.healthcareadvocates.com** web site through the Wayback Machine at **www.archive.org**.

45.   Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 knowingly, willfully and intentionally circumvented and caused to be circumvented the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site on at least 92 separate occasions on July 9, 2003 and July 14, 2003.

46.   Healthcare Advocates has sustained damages as a consequence of these acts of circumvention by Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

      (i)     for actual damages suffered as a result of each such act of circumvention, and any profits that are attributable to the acts of circumvention and not taken into account in computing the actual damages;

      (ii)    in the alternative, for maximum statutory damages per act of circumvention;

      (iii)   for the destruction of the computers and any other devices or products involved in the acts of circumvention;

      (iv)   for attorneys' fees and costs of suit; and

      (v)    for such other relief as the Court deems equitable and just.

## COUNT II
### Copyright Infringement
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

47.   Healthcare Advocates repeats and realleges paragraphs 1 through 46 of the Complaint as if fully set forth at length herein.

48.   Healthcare Advocates owns all rights of copyright in the contents of the **www.healthcareadvocates.com** web site.

49.   Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 knowingly, willfully and intentionally infringed Healthcare Advocates' rights of copyright in the contents of the **www.healthcareadvocates.com** web site on July 9, 2003 and July 14, 2003 through unauthorized public display by unauthorized transmission of the archived

21

historical contents of said web site to computers located in the offices of Harding, Earley law firm and the subsequent projection of these contents on the associated computer screens in said offices.

50.   Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 further knowingly, willfully and intentionally infringed Healthcare Advocates' rights of copyright in the contents of the **www.healthcareadvocates.com** web site on July 9, 2003 and July 14, 2003 through unauthorized reproduction by storing a copy or copies of both the archived historical contents and the then current contents of said web site on computers located in the offices of Harding, Earley law firm.

51.   Upon information and belief, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 further knowingly, willfully and intentionally infringed Healthcare Advocates' rights of copyright in the contents of the **www.healthcareadvocates.com** web site through unauthorized reproduction by making a copy or copies of both the archived historical contents and the then current contents of said web site in anticipation of distributing said copy or copies to co-counsel in the underlying lawsuit.

52.   Upon information and belief, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 further knowingly, willfully and intentionally infringed Healthcare Advocates' rights of copyright in the contents of the **www.healthcareadvocates.com** web site through unauthorized distribution by providing a copy or copies of both the archived historical contents and the then current contents of said web site to co-counsel in the underlying lawsuit.

53. Healthcare Advocates has sustained damages as a consequence of these acts of infringement by Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

      (i)     for actual damages suffered as a result of the infringement, and any profits that are attributable to the infringement and not taken into account in computing the actual damages;

      (ii)    in the alternative, for maximum statutory damages with respect to each infringed work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally or, to the extent that Healthcare Advocates prevails in its burden of persuasion that infringement of any such work was committed willfully, for the maximum statutory damages then available to Healthcare Advocates;

      (iii)   for attorneys' fees and costs of suit; and

      (iv)   for such other relief as the Court deems equitable and just.

## COUNT III
### Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C)
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

54. Healthcare Advocates repeats and realleges paragraphs 1 through 53 of the Complaint as if fully set forth at length herein.

55. On at least 92 separate occasions, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 knowingly, willfully and intentionally accessed and caused to be accessed Internet Archive's computer servers storing archived historical web site content accessible via the Wayback Machine at **www.archive.org** in a manner that exceeded authorized access.

56.   On each of these occasions, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 obtained and caused to be obtained information from these computer servers and/or from the computer server hosting the **www.healthcareadvocates.com** web site.

57.   Such conduct on each occasion involved interstate communications.

58.   Healthcare Advocates suffered loss by way of economic damages aggregating at least $5,000 during a one-year period as a result of such conduct.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

        (i)      for compensatory economic damages;

        (ii)     for attorneys' fees and costs of suit; and

        (iii)    for such other relief as the Court deems equitable and just.

### COUNT IV
### Civil Conspiracy to Violate 18 Pa.C.S.A. §§ 7613(a) & 7614(a)
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

59.   Healthcare Advocates repeats and realleges paragraphs 1 through 58 of the Complaint as if fully set forth at length herein.

60.   Each of Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 entered into an unlawful agreement for the express purpose of committing criminal acts, that is violations of 18 Pa.C.S.A. §§ 7613(a) & 7614(a).

61.   Each of Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 agreed to exceed authorized access to Internet Archive's computer servers storing archived historical web site content, to access archived historical content of the

**www.healthcareadvocates.com** web site stored on these computer servers, and to make copies of this content residing in and communicated by these computer servers.

62. In furtherance of the conspiracy and to effectuate its objects, one or more of Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 committed overt acts, that is numerous circumventions of the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

63. As a direct and proximate result of such conspiratorial conduct, Healthcare Advocates has sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

      (i)    for compensatory, consequential and punitive damages, including interest thereon;

      (ii)    for attorneys' fees and costs of suit; and

      (iii)    for such other relief as the Court deems equitable and just.

## COUNT V
### Action in Trespass for Trespass to Chattels
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

64. Healthcare Advocates repeats and realleges paragraphs 1 through 63 of the Complaint as if fully set forth at length herein.

65. On at least 92 separate occasions, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 knowingly, willfully and intentionally exceeded and caused to be exceeded authorized access to Internet Archive's computer servers storing archived historical web site content via the Wayback Machine at **www.archive.org**.

66.   On many of these occasions, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 accessed and caused to be accessed archived historical content of the **www.healthcareadvocates.com** web site stored on these computer servers.

67.   Such conduct amounted to an intermeddling with Healthcare Advocates possessory rights in the archived historical content of the **www.healthcareadvocates.com** web site.

68.   As a direct and proximate result of such conduct, Healthcare Advocates has sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

      (i)     for compensatory, consequential and punitive damages, including interest thereon;

      (ii)    for attorneys' fees and costs of suit; and

      (iii)   for such other relief as the Court deems equitable and just.

### COUNT VI
### Action in Trespass for Conversion
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

69.   Healthcare Advocates repeats and realleges paragraphs 1 through 68 of the Complaint as if fully set forth at length herein.

70.   On at least 92 separate occasions, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 knowingly, willfully and intentionally made and caused to be made unauthorized copies of the content of the **www.healthcareadvocates.com** web site stored on the Internet Archive's computer servers and/or on the computer server hosting the **www.healthcareadvocates.com** web site.

71.    On each of these occasions, the content of the **www.healthcareadvocates.com**
web site that was copied resided in and was communicated by Internet Archive's computer
servers storing archived historical web site content and/or by the computer server hosting the
**www.healthcareadvocates.com** web site.

72.    Such conduct seriously interfered with Healthcare Advocate's lawful right of
control over the content of the **www.healthcareadvocates.com** web site.

73.    Such conduct was undertaken and accomplished without the consent of
Healthcare Advocates and in the absence of any recognizable privilege or other lawful
justification.

74.    As a direct and proximate result of such conduct, Healthcare Advocates has
sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against
defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

    (i)    for compensatory, consequential and punitive damages, including
           interest thereon;

    (ii)   for attorneys' fees and costs of suit; and

    (iii)  for such other relief as the Court deems equitable and just.

### COUNT VII
### Intrusion upon Seclusion
### (By Harding, Earley Law Firm and John Does 1-10, 11-20 and 21-30)

75.    Healthcare Advocates repeats and realleges paragraphs 1 through 74 of the
Complaint as if fully set forth at length herein.

76.    On numerous occasions, Harding, Earley law firm, John Does 1-10, John Does
11-20, and John Does 21-30 knowingly, willfully and intentionally obtained unauthorized

access to the archived historical content of the **www.healthcareadvocates.com** web site stored on the Internet Archive's computer servers via the Wayback Machine at **www.archive.org**.

77.  Healthcare Advocates had blocked all public access to this archived historical content, rendering it a private seclusion that Healthcare Advocates had thrown about its affairs.

78.  Such interference with Healthcare Advocates' seclusion was substantial and would be considered highly offensive to the ordinary reasonable person.

79.  As a direct and proximate result of such conduct, Healthcare Advocates has sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendants Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30:

  (i)  for compensatory, consequential and punitive damages, including interest thereon;

  (ii)  for attorneys' fees and costs of suit; and

  (iii)  for such other relief as the Court deems equitable and just.

### COUNT VIII
### Breach of Contract
### (By Internet Archive)

80.  Healthcare Advocates repeats and realleges paragraphs 1 through 79 of the Complaint as if fully set forth at length herein.

81.  Internet Archive had an agreement with Healthcare Advocates that Internet Archive would block public access to the archived historical content of the **www.healthcareadvocates.com** web site if Healthcare Advocates installed the denial text

string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

82.  Healthcare Advocates installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site and that denial text string remained properly installed on July 9, 2003 and July 14, 2003.

83.  Internet Archive failed to perform its duty to Healthcare Advocates to block public access to the archived historical content of the **www.healthcareadvocates.com** web site on these dates.

84.  As a direct result of Internet Archive's failure to perform this duty, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 repeatedly gained unauthorized access to archived historical content of the **www.healthcareadvocates.com** web site stored on Internet Archive's computer servers on these dates.

85.  Healthcare Advocates sustained damages as a consequence of Internet Archive's failure to perform its duty to block public access to the archived historical content of the **www.healthcareadvocates.com** web site.

86.  Upon information and belief, Internet Archive's actions have been undertaken willfully, maliciously and with intent to injure Healthcare advocates.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendant Internet Archive:

> (i)    for compensatory, consequential and punitive damages, including interest thereon;
>
> (ii)   for attorneys' fees and costs of suit; and
>
> (iii)  for such other relief as the Court deems equitable and just.

## COUNT IX
### Promissory Estoppel
### (By Internet Archive)

87.   Healthcare Advocates repeats and realleges paragraphs 1 through 86 of the Complaint as if fully set forth at length herein.

88.   Internet Archive promised Healthcare Advocates that Internet Archive would block public access to the archived historical content of the **www.healthcareadvocates.com** web site if Healthcare Advocates installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

89.   Internet Archive should have reasonably expected that Healthcare Advocates would rely upon its promise that it would block public access to the archived historical content of the **www.healthcareadvocates.com** web site if Healthcare Advocates installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

90.   Healthcare Advocates reasonably relied upon Internet Archive's promise by installing the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site and by ensuring that the denial text string remained properly installed on July 9, 2003 and July 14, 2003.

91.   As a direct result of Internet Archive's failure keep its promise, Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 repeatedly gained unauthorized access to archived historical content of the **www.healthcareadvocates.com** web site stored on Internet Archive's computer servers on these dates.

92.   Healthcare Advocates sustained damages as a consequence of its reliance upon Internet Archive's promise that it would block public access to the archived historical content

of the **www.healthcareadvocates.com** web site if Healthcare Advocates installed the denial

text string in the robots.txt file on the computer server hosting the

**www.healthcareadvocates.com** web site.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against

defendant Internet Archive:

(i)     for compensatory, consequential and punitive damages, including interest thereon;

(ii)    for attorneys' fees and costs of suit; and

(iii)   for such other relief as the Court deems equitable and just.

## COUNT X
### Breach of Fiduciary Duty
### (By Internet Archive)

93.   Healthcare Advocates repeats and realleges paragraphs 1 through 92 of the

Complaint as if fully set forth at length herein.

94.   Internet Archive negligently failed to act in good faith in performing its duty to

block public access to the archived historical content of the **www.healthcareadvocates.com**

web site on July 9, 2003 and July 14, 2003.

95.   As a direct result of Internet Archive's negligent failure to act in good faith,

Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 repeatedly

gained unauthorized access to archived historical content of the

**www.healthcareadvocates.com** web site stored on Internet Archive's computer servers on

these dates.

96. Healthcare Advocates sustained damages as a consequence of Internet Archive's negligent failure to act in good faith in performing its duty to block public access to the archived historical content of the **www.healthcareadvocates.com** web site on these dates.

97. Upon information and belief, Internet Archive's actions have been undertaken willfully, maliciously and with intent to injure Healthcare Advocates.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendant Internet Archive:

        (i)      for compensatory, consequential and punitive damages, including interest thereon;

        (ii)     for attorneys' fees and costs of suit; and

        (iii)    for such other relief as the Court deems equitable and just.

## COUNT XI
### Negligent Dispossession
### (By Internet Archive)

98. Healthcare Advocates repeats and realleges paragraphs 1 through 97 of the Complaint as if fully set forth at length herein.

99. Internet Archive owed Healthcare Advocates a duty to block public access to the archived historical content of the **www.healthcareadvocates.com** web site if Healthcare Advocates installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site.

100. Healthcare Advocates installed the denial text string in the robots.txt file on the computer server hosting the **www.healthcareadvocates.com** web site and that denial text string remained properly installed on July 9, 2003 and July 14, 2003.

101. Internet Archive breached this duty by not exercising reasonable care to prevent Harding, Earley law firm, John Does 1-10, John Does 11-20, and John Does 21-30 from repeatedly gaining unauthorized access to archived historical content of the **www.healthcareadvocates.com** web site stored on Internet Archive's computer servers on these dates.

102. As a direct and proximate result of such conduct, Healthcare Advocates has sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendant Internet Archive:

      (i)     for compensatory, consequential and punitive damages, including interest thereon;

      (ii)    for attorneys' fees and costs of suit; and

      (iii)   for such other relief as the Court deems equitable and just.

## COUNT XII
### Negligent Misrepresentation
### (By Internet Archive)

103. Healthcare Advocates repeats and realleges paragraphs 1 through 102 of the Complaint as if fully set forth at length herein.

104. Internet Archive, in the course of its business, failed to exercise reasonable care when falsely advising web site owners that the archived historical content of their web sites stored on Internet Archive's computer servers would be blocked from public access if the web site owners installed a denial text string in the robots.txt files on the computer servers hosting their web sites.

105. Internet Archive intended to supply this materially false information for the benefit of a discrete group of web site owners whose archived historical web site content was being stored on the Internet Archive's computer servers, a group of which Healthcare Advocates was a member.

106. Internet Archive intended that Healthcare Advocates rely upon this misrepresentation for guidance as to blocking public access to the archived historical content of the **www.healthcareadvocates.com** web site.

107. Healthcare Advocates reasonably relied upon this misrepresentation in its efforts to block public access to the archived historical content of the **www.healthcareadvocates.com** web site.

108. As a direct and proximate result of such conduct, Healthcare Advocates has sustained damages.

WHEREFORE, plaintiff Healthcare Advocates demands that judgment be entered against defendant Internet Archive:

        (i)      for compensatory, consequential and punitive damages, including interest thereon;

        (ii)     for attorneys' fees and costs of suit; and

        (iii)    for such other relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff Healthcare Advocates demands a trial by jury on all claims for relief

alleged herein on which it has a right to trial by jury.

**McCARTER & ENGLISH, LLP**
Attorneys for Plaintiff
Healthcare Advocates, Inc.

By: s/Peter J. Boyer
PETER J. BOYER (PB-1913)
Pa. Attorney I.D. No. 25517
SCOTT S. CHRISTIE (SC-8280)
Mellon Bank Center
1735 Market Street, Suite 700
Philadelphia, PA 19103
(215) 979-3800

DATED:  July 8, 2005

# Exhibit A

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

## FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

**TX 5-727-863**

EFFECTIVE DATE OF REGISTRATION

| 2 | 28 | 03 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

Healthcare Advocates Web Site

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**NAME OF AUTHOR ▼**

Kevin C. Flynn

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼
1968

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Content for a web site

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given  Year in all cases.
2002

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information  Month ▶ 2  Day ▶ 2  Year ▶ 2002
ONLY if this work has been published.   USA   ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Healthcare Advocates, Inc
1420 Walnut St   #908
Philadelphia, PA 19102

See instructions before completing this space.

**APPLICATION RECEIVED**
FEB 2 8 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
FEB 2 8 2003
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Transfered ownership

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.        • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY _____ (MMD)  **FORM 1X**

CHECKED BY _____

CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶                    Year of Registration ▶

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                         Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Kevin Flynn
Healthcare Advocates, INc
1420 Walnut St   #908
Philadelphia, AP 19102
Area code and daytime telephone number ▶  215 735 7711          Fax number ▶  215 735 7737
Email ▶ kflynn@healthcareadvocates.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Kevin Flynn                                         Date ▶ 2-6-03

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Healthcare Advocates

Number/Street/Apt ▼
1420 Walnut St   #908

City/State/ZIP ▼
Philadelphia, PA 19102

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3. Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E
Washington, D.C 20559-6000

Fees are subject to
change. For current
fees, check the
Copyright Office
website at
www.copyright.gov
onto the Copyright
Office, or call
(202) 707-3000

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

Rev. June 2002—20,000   Web Rev. June 2002   ℗ Printed on recycled paper                                    U.S. Government Printing Office 2000-461-113/20,021

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**

OFFICIAL SEAL DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

# FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

## TX 5—701—306



EFFE...

FEB. 28, 2003
Month   Day   Year

---

**TITLE OF THIS WORK ▼**
A Collection of Healthcare Advocates' Materials

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼      Number ▼            Issue Date ▼           On Pages ▼

---

**NAME OF AUTHOR ▼**
Kevin C. Flynn

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼
1968

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
     { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐ Yes  ☒ No
Pseudonymous?  ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
All of the enclosed materials were for client use

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  Yes  No
Pseudonymous?  Yes  No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  Yes  No
Pseudonymous?  Yes  No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ONLY in all cases.
1998

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month▶ 6   Day▶   Year▶ 1998
USA

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Healthcare Advocates, Inc
1420 Walnut St   #908
Philadelphia, PA 19102

**APPLICATION RECEIVED**
FEB 2 8 2003
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**
FEB 2 8 200

**FUNDS RECEIVED**

See instructions before completing this space

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Transfered ownership

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page   • See detailed instructions   • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY  M

CHECKED BY

CORRESPONDENCE
☐ Yes

FORM TX

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶                Year of Registration ▶

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                          Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
Kevin Flynn
Healthcare Advocates
1420 Walnut St    #908
Philadelphia, PA  19102
Area code and daytime telephone number ▶ 215 735 7711          Fax number ▶ 215 735 7737
Email ▶ kflynn@healthcareadvocates.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Kevin Flynn                                    Date ▶ 2-5-03

Handwritten signature (X) ▼
X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Healthcare Advocates
Number/Street/Apt ▼
1420 Walnut St    #908
City/State/ZIP ▼
Philadelphia, PA 19102

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev. June 2002— 20,000   Web Rev June 2002   ⊕ Printed on recycled paper                    U.S. Government Printing Office: 2000-461-113/20,021

# CERTIFICATE OF REG'  ʳʳATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM TX
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REG **TX 5-786-560**

EFFECTIVE DATE OF REGISTRATION

3        26        03
Month    Day       Year

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1** TITLE OF THIS WORK ▼

A collection of works from HCA

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial or collection give information about the collective work in which the contribution appeared   Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**
**a** NAME OF AUTHOR ▼
Kevin Flynn

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a 'work made for hire'?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is 'Yes' see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
Web site and text with ~~previously published material and~~ revised new material

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check 'Yes' in the space provided give the employer (or other person for whom the work was prepared) as 'Author' of that part and leave the space for dates of birth and death blank

**b** NAME OF AUTHOR ▼
Kevin Flynn

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a 'work made for hire'?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is 'Yes' see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a 'work made for hire'?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is 'Yes' see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**3**
**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given in all cases.
2000   ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month▶ 10   Day▶ 1   Year▶ 2000
USA   ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Healthcare Advocates
1420 Walnut St  #908
Philadelphia, PA  19102

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

Transfered ownership

APPLICATION RECEIVED
AUG 0 6 2003   3-26-03
ONE DEPOSIT RECEIVED
AUG 0 6 2003
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5 9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
. . . 2

**Amended by C.O  from phone call to Kevin Flynn on 9/23/03**

| EXAMINED BY | | FORM TX |
| --- | --- | --- |
| CHECKED BY | | |
| ☑ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE  USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work  or for an earlier version of this work  already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes" why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes"  give  Previous Registration Number ▶                    Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼
The web site material contained some  previously published material

**a**

Material Added to This Work  Give a brief  general statement of the material that has been added to this work and in which copyright is claimed ▼
The web site contains new and revised material   The text(non web site) is new material

**b**

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                     Account Number ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼
Healthcare Advocates
1420 Walnut St  #908
Philadelphia, PA  19102
Area code and daytime telephone number ▶  215-735-7711          Fax number ▶  215-735-7737
Email ▶  kflynn@healthcareadvocates com

**b**

**7**

**CERTIFICATION*** I  the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____
of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge
Name of author or other copyright claimant  or owner of exclusive right(s) ▲

Typed or printed  name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Kevin Flynn                                    Date ▶  7/21/03
Handwritten Signature (X) ▼
X

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ Healthcare Advocates | |
| --- | --- | --- |
| | Number/Street/Apt ▼ 1420 Walnut St   #908 | |
| | City/State/ZIP ▼ Philadelphia, PA 19102 | |

Complete all necessary spaces
Sign your application in space 8
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C 20559-6000

As of July 1 1999 the filing fee for Form TX is $30

**9**

17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500