IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| HEALTHCARE ADVOCATES, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 05-3524 |
| | : | |
| HARDING, EARLEY, FOLLMER & FRAILEY, et. al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **SEPTEMBER 10, 2007**

Presently before this Court is the Motion for Attorneys' Fees and Costs filed by Defendants Harding, Earley, Follmer & Frailey, John F.A. Earley, III, Frank Bonini, Charles L. Riddle, and Kimber Titus (collectively the "Harding firm"). For the following reasons, this Motion is denied as to the attorneys' fees, but granted as to costs.

On July 20, 2007, this Court granted summary judgment in favor of the Harding firm on all of Plaintiff Healthcare Advocates, Inc.'s claims. Healthcare Advocates, Inc. v. Harding, Earley, Follmer, & Frailey, No. 05-3524, 2007 WL 2085358 (E.D. Pa. July 20, 2007). These claims were for copyright infringement, violation of the Digital Millennium Copyright Act, violation of the Computer Fraud and Abuse Act, conversion, and trespass to chattels. The Harding firm, as the prevailing party, is now seeking attorneys' fees and costs pursuant to Section 505 of the Copyright Act. See 17 U.S.C. § 505.

The awarding of attorneys' fees is within the discretion of this Court. Lieb v. Topstone Indus., Inc., 788 F.2d 151, 155-56 (3d Cir. 1986). Bad faith by the losing party is not required to

award fees, however, they are not a matter of course for the prevailing party either.  Id. at 156. Instead, this Court must use an evenhanded approach.  Id.  Factors to consider in deciding to award attorneys' fees are: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id.

While Healthcare Advocates did not prevail on its copyright infringement claim, this Court had to thoroughly analyze the underlying facts and legal issues before coming to a decision.  The lengthy July 20, 2007 Memorandum and Order granting the Harding firm's Motion for Summary Judgment and denying Healthcare Advocates' Motion for Partial Summary Judgment is evidence of the non-frivolous nature of this claim.  See Healthcare Advocates, 2007 WL 2085358, at * 5-13.  Therefore, this Court cannot deem Healthcare Advocates' copyright infringement claim frivolous or objectively unreasonable because Healthcare Advocates put forth a reasonable legal argument.  Accordingly, attorneys' fees are not warranted.

The awarding of costs, however, is warranted.  Under 17 U.S.C. § 505, the district court in a copyright action "may allow the recovery of full costs by or against any party."  The term "full costs" in this statute refers to those costs allowed pursuant to 28 U.S.C. § 1920.  Schiffer Pub., Ltd. v. Chronicle Books, LLC, No. 03-4962, 2005 WL 1244923, *15 (E.D. Pa. May 24, 2005).  The Harding firm has requested costs for printing, transcripts, exemplification, and copies totaling $ 9,348.60.  This Court finds that these costs are recoverable and reasonable. Defendants are accordingly awarded $ 9,348.60.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| HEALTHCARE ADVOCATES, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 05-3524 |
| | : | |
| HARDING, EARLEY, FOLLMER & FRAILEY, et. al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this        day of September 2007, upon consideration of Defendants' Motion for Attorneys' Fees and Costs, and the Response in Opposition thereto, it is hereby **ORDERED** that Defendants' Motion (Doc. No. 80) is **DENIED** as to attorneys' fees and **GRANTED** as to costs. Defendants are awarded $ 9,348.60 in costs.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE